## JIM DAVIS v. THE STATE.

### No. 1824. Decided June 26, 1912.

**Keeping Disorderly House—Smoking Opium—Sufficiency of the Evidence.**

Where, upon trial of keeping, being concerned in and aiding, assisting and abetting the keeping of a disorderly house where persons resorted for the purpose of smoking and using opium, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of keeping a disorderly house where persons resorted for the purpose of smoking and using opium; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under an accusation charging him with keeping and being concerned in keeping and in aiding, and assisting and abetting the keeping of a disorderly house where persons resorted for the purpose of smoking and using opium.

The only question suggested for revision is the want of sufficient evidence to justify the conviction. It is shown, that in the house where appellant and his mother were, that smoking of opium was carried on, and the only question worthy of consideration is whether appellant was concerned in keeping the house, the contention being that his mother was the owner of the house, and that it was under her control and not his; that he lived in another house, which was close by or adjoining that of his mother, and at this particular time he was separated from his wife, and simply living at his mother's. The fact that the smoking of opium was carried on at this house seems to be not seriously questioned, if questioned at all, and that appellant was living at the house at the time, and was separated from his wife. Among other things, the witness O'Donnell testified that he was a practicing attorney of the Dallas Bar, and at one time was assistant city attorney, and prosecuted for the city in the city court to within about a month before this trial; that he knew appellant, and had prosecuted him in the city court shortly before his resignation as assistant city attorney, in which trial appellant took the witness stand and testified, among other things, that during the month of July, 1910, he was living at his mother's house at 709 Main Street in the city of Dallas, and that his mother rented the house, and that he managed and ran it for her. This in connection with the testi-

mony of the other witnesses, that he was at the house at the time, and that he himself was seen smoking opium and others seen smoking the opium there in the house, is sufficient to show two facts, we think: first, that opium smoking was permitted and carried on in the house, and, second, that he was managing the house for his mother. This connected him sufficiently with the case to justify the verdict of the jury. There are other facts showing appellant was managing the house in question.

The judgment is affirmed.

*Affirmed.*